IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | : | Case No. 1:22-cv-362 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| FRED YOUNG, et al., | : | |
| Defendants. | : | |

---

### ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

---

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 17). Defendants failed to timely respond to the motions. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons below, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

### BACKGROUND

Plaintiff Joe Hand Promotions Inc., a Pennsylvania corporation, was granted the "exclusive nationwide commercial distribution (closed-circuit) rights" to the Errol Spence Jr versus Shawn Porter Fight Program ("Program") held on September 28, 2019. (Compl., Doc. 1, ¶¶ 6, 16.) By its contract with an unknown third party, Joe Hand Promotions would enter into subsequent sublicensing agreements with commercial entities, such as bars and restaurants, and grant those entities limited sublicenses with the rights to

1

televise the Program. (*Id.* at ¶ 17.) The sublicensing price would depend on the commercial entity's Fire Code Occupancy. (*See* Commercial Pricing, Doc. 17-2.) Relevant here, commercial pricing for a venue with occupancy fewer than 100 patrons was $1,200 for the Program, plus a $200 DTV Activation Fee. (*Id.* at Pg. ID 59.)

Defendants Fred Young and Neil W. McClughen Jr. are the principal owners, managing members and operators of Defendant Aftermath Bar and Grill LLC. (Compl., Doc. 1, ¶ 7.) On September 28, 2019, Defendants intercepted the Program and played, or divulged, it for the patrons. (*Id.* at ¶¶ 3, 9-12, 19-20.) Joe Hand Promotions determined this by retaining auditors and law enforcement personnel to detect and identify signal pirates of the Program. (Joe Hand Jr. Aff., Doc. 17-1, ¶¶ 6-8.) Joe Hand Promotions allegedly paid a "reasonable expense" for the auditors and law enforcement to discover Defendants' violations; the exact expense was not provided to the Court. (*Id.* at ¶ 6.) The Court notes that, based on the way the sublicensing agreements are created and how the Program is streamed, it seems impossible, applying common sense, that the Program could be mistakenly, innocently or accidentally intercepted.

Joe Hand Promotions hired an investigator, Michael Bohlen, who went to Aftermath on September 28, 2019. (Bohlen Aff., Doc. 18, Pg. ID 97-98.) Bohlen witnessed Defendants showing the Program on eight televisions. (*Id.*) Bohlen determined that Aftermath had an approximate capacity for 95 individuals, and over 40 patrons attended on September 28, 2019. (*Id.*) He also found that the day before the Program aired, Aftermath was advertising that it would show the Program on social media.

Plaintiff brought this action on June 23, 2022, alleging violations of 47 U.S.C. § 605,

2

violations of 47 U.S.C. § 553, and copyright infringement. (*See* Compl., Doc. 1.) First, service was perfected on Young on July 11, 2022. (*See* Young Summons Returned Executed, Doc. 7.) Then, service was perfected on McClughen on July 15, 2022. (*See* McClughen Summons Returned Executed, Doc. 8.) Finally, service was perfected against Aftermath on September 30, 2022. (*See* Aftermath Summons Returned Executed, Doc. 14.) Plaintiff applied to the Clerk for an entry of default against Young and McClughen on September 19, 2022, and the Clerk filed the Entry of Default against Young and McClughen on September 21, 2022. (*See* First App. for Entry of Default, Doc. 10; *see also* First Entry of Default, Doc. 12.) Then Plaintiff applied for an entry of default against Aftermath on October 26, 2022, and the Clerk filed an Entry of Default against Aftermath on October 31, 2022. (*See* Second App. for Entry of Default, Doc. 15; *see also* Second Entry of Default, Doc. 16.) Soon after, Plaintiff filed the instant motion seeking default judgment against all Defendants solely on Plaintiff's 47 U.S.C. § 605 claim. (*See* Motion for Default Judgment, Doc. 17.)

## LAW

Fed. R. Civ. P. 55 governs entries of default and default judgment. A plaintiff seeking an entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the Court for default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

3

Once default is entered against a defendant, that party is deemed to have admitted all of the well-pled allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). A court must determine where a complaint states a claim for relief before entering default judgment. *Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022) (citation omitted). "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Wright & Miller Fed. Prac. & Proc. Civ. § 2685 (3d ed. 2013).

## ANALYSIS

Joe Hand Promotions brought three claims against all Defendants for: (1) violations of 47 U.S.C. § 605, (2) violations of 47 U.S.C. § 553, and (3) copyright infringement. Each are addressed in turn.

### I. 47 U.S.C. § 605

#### a. Liability

Title 47 U.S.C. § 605(a) "prohibits the unauthorized interception of radio communications, which courts have held apply to encrypted cable programming from satellite transmissions, such as the UFC program at issue in this dispute." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:09-cv-553, 2011 WL 1043560, at *2 (S.D. Ohio Mar. 18, 2011) (citing *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 914 (6th Cir. 2001). The Sixth Circuit has adopted a three-part test to determine whether a defendant has violated § 605(a). *Nat'l Satellite Sports*, 253 F.3d at 914-17.

4

To satisfy this test, Joe Hand Promotions must first prove that it has proprietary interest in the Program. *See Nat'l Satellite Sports*, 253 F.3d at 914. Second, Joe Hand Promotions must prove that Defendants intercepted the Program. *See id.* at 915. Lastly, Joe Hand Promotions must show that Defendants divulged the Program to their patrons. *See id.* at 916. Because default has already been entered against all Defendants in accordance with Fed. R. Civ. P. 55(a), Joe Hand Promotions well-pled allegations are considered admitted. *Atlas Turner, Inc.*, 66 F.3d at 110-11.

Joe Hand Promotions adequately alleged each factor of the three-part test outlined in *Nat'l Satellite Sports*. First, Joe Hand Promotions alleged that it had a proprietary interest in the Program. Joe Hand Promotions alleged that, "[p]ursuant to contract, [it] was granted the exclusive nationwide commercial distribution (close circuit rights) to [the] Program, that was telecast via pay-per view nationwide on Saturday, September 28, 2019." (Compl., Doc. 1, ¶ 16.) Second, many times throughout the Complaint, Joe Hand Promotions alleged that the Program was intercepted by Defendants. (*Id.* at ¶¶ 9-12, 19-20.) Lastly, Joe Hand Promotions adequately alleged that the Program was then "divulged," or played for Defendants' patrons. (*Id.* at ¶¶ 3, 19-20.) Thus, Joe Hand Promotions adequately alleged that Defendants violated 47 U.S.C. § 605(a) and is entitled to default judgment against Defendants on such claim.

### b. Damages

47 U.S.C. § 605(e) provides for the types of damages a party may be awarded for a violation of § 605(a). Plaintiff seeks statutory damages under § 605(e)(3)(C)(i)(II) and willful damages under § 605(e)(C)(ii). Plaintiff also seeks attorney's fees and costs under

5

47 U.S.C. § 605(e)(3)(B)(iii).

*Statutory Damages.* Statutory damages of at least $1,000, but no more than $10,000, may be awarded for each violation of § 605(a). 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court must consider what amount is just based on the violation. *Id.* Many courts tie the statutory damages found to the claimant's loss. *Joe Hand Promotions, Inc. v. Turner*, No. 3:19-cv-012, 2021 WL 1383267, at * 4 (S.D. Ohio Apr. 13, 2021).

Joe Hand Jr., President of Joe Hand Promotions, testified by affidavit that, after retaining auditors and law enforcement personnel to detect and identify signal pirates of the Program, it was confirmed that Defendants were showing the Program, but did not pay the commercial pricing. (Joe Hand Jr. Aff., Doc. 17-1, ¶¶ 6-8.) Joe Hand Promotions of course had to pay a "reasonable expense" for the auditors and law enforcement personnel to detect Defendants violations; the exact expense was not provided to the Court. (*Id.* at ¶ 6.) One of Joe Hand Promotions investigators, Michael Bohlen, went to Aftermath, observed that the Program was being played, and estimated that Aftermath had an approximate capacity of 95 individuals. (Bohlen Aff., Doc. 18, Pg. ID 97-98.) Commercial pricing for a venue with occupancy fewer than 100 patrons was $1,200 for the Program, plus a $200 DTV Activation Fee. (Commercial Pricing, Doc. 17-2, Pg. ID 59.) The investigator also determined that Aftermath was advertising that it would show the Program on social media the day before the Program aired. (*Id.* at 99-100.) The social media post states that there would be no cover charge to enter the bar to view the Program. (*Id.*)

Based on the above, the Court finds that an award of $5,000 in statutory damages

6

is just here. Joe Hand Promotions only provided evidence that the fee Defendants would have owed was $1,200, plus a $200 DTV Activation Fee. (Commercial Pricing, Doc. 17-2, Pg. ID 59.) And although Joe Hand Promotions hired auditors and law enforcement personnel to find out whether Defendants were divulging the Program in violation of 47 U.S.C, § 605(a), the amount paid in connection to Defendants conduct was not provided to the Court. Based on the above, the Court finds that an award of $5,000 in statutory damages is just here.

*Willful Damages.* Willful damages may be awarded § 605(e)(3)(C)(ii) when the Court finds that "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain[.]" 47 U.S.C. § 605(e)(3)(C)(ii). This amount is also up the discretion of the Court. *Id.* Joe Hand Promotions requests an award of $20,000 in willful damages, which is double the amount it sought of statutory damages.

The Court agrees with Joe Hand Jr. that Defendants' conduct was willful. Using common sense, the Program could not be mistakenly, innocently or accidentally intercepted. (See Joe Hand Jr. Aff., Doc. 17-1, Pg. ¶ 9.) Defendants advertised that they were televising the Program. (Bohlen Aff., Doc. 18, Pg. ID 99-100.) And Aftermath was at around half capacity, thereby receiving a financial gain from the interception. (*Id.* at 98.) An award of willful damages will also promote deterrence. Thus, the Court finds a $10,000 award of willful damages, double the amount of statutory damages awarded, is appropriate here.

*Costs and Attorney's Fees.* Finally, the Court considers Joe Hand Promotions'

7

request for attorney's fees and costs. Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including award reasonable attorneys' fees . . ." Joe Hand Promotions requests $1,350 in attorney's fees, representing 4.50 hours worked at a rate of $300 per hour. (Koberg Aff., Doc. 17-4, ¶ 4.) Joe Hand Promotions further requests $402 in costs, representing the filing fee of this action. (*Id.*) This Court has found similar hours worked and rate per hour to be reasonable in cases nearly identical to this case. *See Joe Hand Promotions, Inc. v. Hardin*, No. 1:20-cv-898, 2022 WL 4182348, at *6 (S.D. Ohio Sept. 13, 2022); *see also Joe Hand Promotions, Inc. v. Mathews*, No. 2:22-cv-2593, 2023 WL 2727251, at *5 (S.D. Ohio Mar. 31, 2023). Thus, the Court finds the same to be reasonable and awards Joe Hand Promotions $1,752 in total attorney's fees and costs.

**II.     47 U.S.C. § 553**

Next, Plaintiff brings a claim against all Defendants under 47 U.S.C. § 553. Section 553(a)(1) provides that "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Such statute allows for an aggrieved party to recover actual and statutory damages. *See* 47 U.S.C. §§ 553(c)(3). "When a defendant is liable under both 47 U.S.C. § 605 and 47 U.S.C. § 553, however, the plaintiff may recover under only one section." *RPM Mgmt. Co. LLC*, 2011 WL 1043560, at *3. Plaintiff concedes that it cannot recover under both sections and elected to only seek recovery under 47 U.S.C. § 605. (Memo. in Support, Doc. 17-5, Pg. ID 77.)

Thus, because the Court found Defendants liable under 47 U.S.C. § 605 and

awarded Plaintiff damages under such statute, Plaintiff is not entitled to damages under 47 U.S.C. § 553. Therefore, the Court shall not address the issue of Defendants' liability.

### III. Copyright Infringement

Lastly, Plaintiff alleged copyright infringement. "An infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer . . . or statutory damages." 17 U.S.C. § 504(a). T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, ... in a sum not less than $750 or more than $30,000 as the court considers just." 47 U.S.C. § 504(c)(1).

Plaintiff did not brief its copyright infringement claim and provided no evidence of actual damages it suffered because of the alleged infringement. The Court, therefore, deems it just that Plaintiff not be awarded damages because of any alleged copyright infringement, as Plaintiff seemed to abandon such claim. That said, the Court makes no determination of Defendants' liability under this cause of action.

### CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (Doc. 17) and **ORDERS** the following:

1. Default judgment is **ENTERED** against Defendants on Plaintiff's 47 U.S.C. § 605 claim.

2. Plaintiff is **AWARDED** $5,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

9

3. Plaintiff is **AWARDED** $10,000 in willful damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

4. Plaintiff is **AWARDED** costs equaling $402 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

5. Plaintiff is **AWARDED** attorney's fees equaling $1,350 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

6. This action is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND